UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ARIANA I. INGUEZ and JUAN M. BARBA

        Plaintiffs,

  v.

BANK OF AMERICA, et. al.,

        Defendants.

No. 2:09-cv-02903-MCE-EFB

MEMORANDUM AND ORDER

----oo0oo----

This action arises out of a mortgage loan transaction in which Plaintiffs Ariana I. Inguez and Juan M. Barba ("Plaintiffs") obtained a home loan in January 2007.  Presently before the Court are Motions by Defendants Ryland Mortgage Company, Eugene Elder, Countrywide Home Loans, Inc. (erroneously sued as Bank of America f/k/a Countrywide Home Loans) and its successor BAC Home Loans Servicing, L.P., ReconTrust Company, and Mortgage Electronic Registration Systems, Inc. to Dismiss the claims alleged against them in Plaintiffs' Complaint for failure

1

to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendants Countrywide Home Loans, Inc., ReconTrust Company, and Mortgage Electronic Registration Systems, Inc. also move this Court to strike portions of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure Rule 12(f).  Plaintiffs have failed to timely file an opposition.[1]

 Pursuant to Local Rule 230(c), opposition to a motion must be filed not less than fourteen (14) days prior to the date of the hearing.  The date of the hearing on motion was set for February 25, 2010.  Fourteen (14) days prior to the hearing was February 11, 2010.  No opposition was filed as required.

 As a result of Plaintiff's counsel Sharon Lapin's repeated failure to comply with Local Rules, within ten (10) days from the date this order is electronically filed, Lapin shall either (1) personally pay sanctions in the amount of $250.00 to the Clerk of the Court or (2) show good cause for the failure to comply with Local Rule 230(c).

 This Court is in receipt of Plaintiffs' late-filed First Amended Complaint.  While Plaintiffs' original Complaint alleged violations of both federal and state laws, Plaintiffs' Amended Complaint abandons their federal claims.

 With only Plaintiffs' state law claims remaining, this Court ceases to have subject matter jurisdiction over the suit.  The

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

2

Court declines to exercise its supplemental jurisdiction over the remaining state causes of action and they are dismissed without prejudice.

The Court need not address the merits of Defendants' Motions to Dismiss (Docket Nos. 9 and 12) as those issues are now moot.

    For the reasons stated above, the case is dismissed. The Clerk is directed to close the file.

    IT IS SO ORDERED.

Dated: February 26, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE